FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30275 |
| Plaintiff - Appellee, | D.C. No. 3:96-cr-00058-JO |
| v. | |
| GREGORY FRANK SPEROW, a.k.a. Gregory Frank Spero, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Gregory Frank Sperow appeals pro se from the district court's September
10, 2013, order declaring its 2008 order for the return of Sperow's property
complied with or, in the alternative, moot.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Contrary to Sperow's contention, the record reflects that, following Sperow's conviction in Oregon, his property was either transferred to Idaho for use in his criminal prosecution there or returned to federal officials in California. In his September 9, 2013, declaration to the district court, Assistant United States Attorney ("AUSA") for the District of Oregon Johnathan Haub described his efforts to locate any property remaining in Oregon, and stated his belief that there was no longer any evidence belonging to Sperow in the District of Oregon, and that he had no control over the property that was outside of the District of Oregon. On these facts, we conclude that the district court did not err in declaring that its 2008 order regarding the return of Sperow's property had been complied with by the Oregon AUSA to the extent reasonably possible. We, accordingly, affirm the district court. Our disposition is without prejudice to Sperow filing a new request for return of his otherwise non-forfeited, non-contraband property in his criminal case in Idaho or any other appropriate venue.

**AFFIRMED.**

13-30275